Case 13-6394 Melvin Kindle et al. v. City of Jeffersontown KY et al. Oral argument, 15 minutes per side. Mr. Abel for the appellants. Mr. Abel. May it please the Court. Good morning, Your Honors. This case is a First Amendment case. The plaintiffs claim that they were unlawfully terminated based on a protected exercise of their First Amendment rights. It came before the Court for a second time in 2010. Of course, the threshold issue of the plaintiffs' claim is that their speech have addressed a matter of public concern. We come before the Court today a second time. In 2010, another panel of this Court ruled that the plaintiff's speech did address a matter of public concern and remanded the case for further proceedings. Really not much happened in the District Court in terms of further proceedings other than another round of summary judgment motions. A summary judgment motion was filed by the defendants. And in sustaining that, the District Court ruled once again that the plaintiff's speech had not addressed a matter of public concern. So, in essence, we're back to the same spot we were in March of 2010. But on a different issue. Well, yes, the District Court, on remand, ruled that, considered a new argument which had not previously been raised, basically that the adjudication by the Jefferson County Civil Service Commission had found that the plaintiff's speech was recklessly false, and as such, therefore, could not constitute a matter of public concern. That hadn't been litigated previously? That had not been raised in any form whatsoever. On the first summary judgment go-round, the only argument made in reference to any action done or taken by or adjudication by the Civil Service Commission was that plaintiffs had waived their claims by not participating in that Civil Service Commission proceeding. If you look at the District Judge's initial summary judgment opinion, he dismisses that argument and rules plaintiffs didn't waive anything. And that was the end of any argument at that stage of this case based on anything done by the Civil Service Commission. But serial summary judgment motions are permitted, though, aren't they? You make a summary judgment motion, you win, you appeal, it gets reversed. Why can't you make your next summary judgment motion? I mean, unless there's some local rule which says you can't, you can do that, can't you? My argument isn't that you can't make another summary judgment motion. My argument is that the law of the case is the plaintiff's speech addressed a matter of public concern. This court resolved that back in 2010. The fallback position, the district court has adopted the position that the second part of that argument is the defendant's waived any argument regarding the Civil Service Commission findings by it. You argue that they waived it. Yes, sir. How did they waive it? By failing to raise it in any form whatsoever in the initial round of summary judgment proceedings. That's what I'm asking. I don't see why you have to make an argument in your initial round of summary judgment unless there's some rule that you have to make all your arguments, all your summary judgment arguments in your first summary judgment motion. Is there such a rule? The court in its law of the case jurisprudence that I've cited in our main brief has advised the purpose of this rule is to avoid piecemeal litigation such as this where we come before the appeals court. I'm just trying to understand the argument. If the argument is law of the case, then that assumes a prior ruling, which is a little bit different from law of the case because you didn't raise it when you could have the first time around. Which is going on here? Do you see the difference that I'm seeing? I understand the court's jurisprudence regarding law of the case. I'm just trying to get the theory, though. If you've got an argument to make, you're supposed to raise it as early as possible. Now, the Civil Service Commission action didn't take place after remand. It took place back in 2007 prior to the filing of this initial action. But you have two arguments. It would be nice if you made them both at the same time. I'm wondering if it's required that you make them both at the same time. You seem to be saying no but yes. No, I believe the waiver doctrine requires you to raise your arguments in a timely fashion. Whenever you make a summary judgment motion, you need to make all the arguments that you can make in your summary judgment motion, or else you've waived it if there's a later time in which you try to raise another summary judgment motion making those arguments. Is that right? There are exceptions, and one of them happened in this case because the court ruled back in 2010 that the Kentucky Whistleblower Act, which was another of the plaintiffs' claims. I understand that the law can change. And in the meantime, the law changed. Assume there's no law change. You've just got two arguments. You make one. You don't make the other. You think that one's going to win. It loses. Now you make the other one. Is there a rule against that? If there is, that's strong for you. If there isn't, it's not. I'm asking if there's a rule. Is there a rule? My argument is the court's waiver jurisprudence and law of the case doctrine commands parties to make the arguments when they're proper in time. So you're saying you do have to raise them all? Yes. What authority do you cite for that proposition? Because I don't know of any. The case is cited in our main brief, Your Honor, the law of the case doctrine. The law of the case doctrine is that you have to file all your defenses in one motion or otherwise you've waived it. Well, as to this issue, we're dealing with a discrete issue regarding the law of the case of public concern. And that issue was decided by this court in the plaintiff's favor. The case was remanded and a new argument was raised. Can you cite me a case or a rule specifically so I can look it up and say your argument is supported by something? Well, let me suggest to Your Honor, Westmoreland v. Southerland. This court before. Is it in your brief? Yes, sir. Yes, sir, it is. This court before ruled plaintiff's speech address is a matter of public concern, remanded it for the Pickering balance. In Westmoreland v. Southerland, this court said the Pickering balance is unnecessary where the plaintiff's speech is recklessly false and whatnot, meaning it can't address a matter of public concern if it's recklessly false and therefore you don't need to go to the Pickering balance. Now, if we're remanding to do the Pickering balance as we've done here, the court has necessarily resolved, frankly here because it was failed to be raised, any issue about whether or not the plaintiff's speech was recklessly false. And our law of the case jurisprudence, as I understand it from the court, is that covers issues which are incidentally and necessarily decided to get to the result. That's not really an argument that it was waived before because it wasn't raised. That's really an argument that it was resolved. Well, it was also waived. I mean, it was resolved and waived. Okay. So your second argument is that it was resolved, but I'm wondering why it isn't a separate issue. It strikes me that logically it would be a separate issue. Whether it's the issue we resolved before and whether these statements were factual or not, why aren't they different issues? Well, there's two different arguments, or two different defenses to the matter of public concern issue in these cases. One is, does it address a matter of public concern? We only dealt with one the last time, right? That's right. Why does that preclude the consideration of the other one on remand? Because this, well, for instance, in United States versus, and I'm at a side of ADESIDA where the court was presented with a similar situation in that there was a reversal on a remand that was a criminal case. The defendant on remand raised some new issues not previously litigated, and the court ruled it's too late. You can't do that. You need to raise them timely, i.e., before we take a first appeal. Okay. And beyond issues of law of the case and waiver, the findings of the Jefferson Civil Service Commission would not be entitled to preclusive effect in any event. Why not? Because the commission issued just a few days before it had scheduled its hearing, which was in January of 2007, that it was going to conduct a bifurcated proceeding. And the first proceeding, the plaintiffs would be required to establish that they were able to sustain their whistleblower and or First Amendment claims, which at that stage were, for all practical and material purposes, indistinguishable. And the commission further advised that if they found in the plaintiff's favor that the Civil Service Commission proceeding would be dismissed and terminated. So they would propose to undertake, in essence, to decide whether or not the city, and the defendant's argument is the Civil Service Commission and the city are legally indistinguishable, but purport to decide whether or not the city could be liable for violating either the Whistleblower Act or the plaintiff's First Amendment rights in Hammett v. Baldwin. Pardon me, Mr. Abel. The proceeding that made the decision that the district court felt bound by was a proceeding against your clients, right? It was. But the proceeding you're describing is some kind of proceeding brought by your clients. Is that correct? No, Your Honor. Well, in the proceeding that was brought against your clients, why isn't it something that we should find binds? Because it's bifurcated? I mean, why should that make a difference? Because the Civil Service Commission doesn't have authority. So it didn't have authority to undertake? Did you object to its authority when you were there? Certainly. On what ground? We advised them we do not wish to submit the adjudication of our whistleblower and First Amendment claims to this body. Well, but that's fine. But if they then have jurisdiction to do whatever it is that they do, and they make findings of fact and you have notice and can object to those facts, why does the fact that you prefer to raise your whistleblower claims before another body keep them from having jurisdiction to make the underlying facts that they made there, which led, I guess, to dismissals, right? Well, yeah, it did lead to dismissal. They have a decision-making process which leads to dismissals, which relates or doesn't relate to other proceedings that may be going on, and they make certain findings of fact. Assuming they're the same findings of fact and you have a chance to object to them, why shouldn't they bind in a later judicial proceeding on entirely different ultimate issues? Well, a couple of reasons. First of all, the Civil Service Commission here is not an independent body such as the Equal Opportunity Commission. Subject to judicial review, though, right? Some limited judicial review, certainly. And aren't there cases that say those kinds of bodies can make decisions that are binding? Not based on the type of proceeding that this agency purported to undertake. Why not? Why not? Because a couple of reasons. What's the strongest one? An entity, a city, cannot, consistent with due process, adjudicate its own liability for violating, in this case, the plaintiff's rights. Secondly, Well, it's not adjudicating its liability for violating rights. It's adjudicating whether these facts are true or not. These sort of underlying facts are true. That was the issue, right, is there's no basis for these alleged. Well, So they make a finding as to these particular facts. I can't list what those facts are off the top of my head, but there are certain facts that they found, right, that they did have a right to find in terms of deciding whether to fire your clients or not. They had jurisdiction to find those facts or not. Your Honor, they issued an order that said, we're going to require the plaintiffs to prove their claims as an initial stage of a bifurcated proceeding. This was not an ordinary civil service commission proceeding in which allegations of violation of city policy solely and only were going to be adjudicated as is customary. If you'll notice in the record, I questioned the city attorney, Mr. Fisher, in his deposition regarding does the commission have authority to make these types of adjudications, and his answer was no. So therefore, I'm concluding, based on the fact that they're adjudicating their own liability and those admissions, that they did not have the authority to undertake this type of adjudication. I see. Thank you, Mr. Rayland. Good morning. May it please the Court. On January 25, 2007, the Civil Service Commission hearing was called specifically on the charges that Peggy Emington, the lieutenant at that time... I'm just barely hearing you, counsel. Oh, sorry. Let me start over. January 25, 2007, Judge, the Civil Service Commission hearing was called on specific charges that Peggy Emington had filed against the plaintiffs. At that hearing, I think it's important to point out, the plaintiffs appeared with their attorney. They stood up, indicated to the commission they had no intention of going forward with it. They would not be offering any evidence, calling any witnesses, conducting any cross-examination. Did they present any objections to the proceeding? I'm sorry, Judge? Did they advance any objections to the proceedings? Or did they just say, we're not participating? Other than just saying, we're not participating, no. Mr. Abel said that they made some kind of formal objection about adjudicating claims. I don't recall seeing that anywhere in the record, that that actually occurred. Even if it did, the commission went forward with the hearing anyway. Two of the plaintiffs turned around and walked out. The third, Mr. Kendall, he stayed behind. That part of the facts I understand, but as I understand Mr. Abel's argument, he's saying that what's really going on here, if we cut to the chase and see what's going on, is that the defendants in the proceeding you're talking about were raising claims. Right. The way that the city wanted to deal with them was to do this as a disciplinary matter first and then treat their claims. Right. He wanted to do it the other way around, either because it was preferred or because it was required. So they're consistent with his theory about how these particular issues should be resolved. It should have gone to the other forum first. How do you address that? Is that how you understand his argument as well? I understand that argument. I, of course, completely disagree with that. What's wrong with that argument? Based upon the record evidence alone, that's not at all what occurred. It has no basis in reality, quite frankly, Judge. What happened was a four-hour hearing was conducted in which they specifically dealt with the issue of plaintiff's allegations made against Ms. Emington, whether they were false. That's exactly what the commission is supposed to do. A charge is levied against a public employee. We bring everyone together in a due process hearing. We get down to the facts of the matter. They weigh evidence. They hear from witnesses. They look at documentary evidence, which they did in this case. We had seven witnesses testify. I think over 30 documents were introduced. At no point, and I think it bears out in the record as a matter of course, did the commission ever say, we're going to now adjudicate your First Amendment claim or, hey, going forward, you're not going to have a First Amendment claim or a whistleblower claim. They did make findings about facts. They did, yes. Were those facts necessary to the decisions that they made? They were. Can you explain how? Sure. There was three specific Jeffersontown Police Department rules that Peggy Emington had alleged that they had violated, or rather the commission alleged they violated. And each of those dealt with their employment in terms of truthfulness, whether they are alleging facts about a, in this case, a superior officer that were untrue. So walking through each one of those, I believe there were seven specific allegations made about Peggy Emington. If proven false, which they were, would justify, would be necessary to the judgment of the commission that termination would be proper in this instance because you violated three Jeffersontown Police Department rules. But, again, we're talking specifically about an issue of falsity. We're not talking about a First Amendment claim. We're certainly not talking about any other type of federal claims. And I think it's also important to point out for the court, when they decided to effectively walk out, I think under federal law it's evident you waive certainly your procedural due process rights. And, of course, Mr. Abel touched on this. The court touched on it during his argument. The preclusive effect of the First Amendment claim, of course, or the finding on the issue of falsity, is that it cuts off the First Amendment claim. I think we could agree that false statements are not entitled to First Amendment protection. There's a wealth of case law on that. Westmoreland, a case cited by Mr. Abel, speaks to that. So really what we're, that's the big question. Do false statements, are they entitled to First Amendment protection? Can I ask sort of a what-if question?  Hypothetical, I guess. There were a number of allegations of false statements, right? Five or six of them? Right. What if these people who were being preceded against were able to show that some of them were false, while some of them were false, some of them were not false? Sure. Then, if that had happened, they might still have been fired. Sure. But it would not have entirely precluded this claim at that point. Is that right? It's only because all of them were found to be false that the First Amendment claim was precluded. Is that correct? As a matter of federal law, correct. As a matter of federal law. Right, right. So it wasn't necessarily the case that if they lost their, if they lost the proceeding which was undertaken to fire them, that they would therefore have lost their First Amendment case. They could have lost one but still won the other. It's because certain facts were made which happened totally to dispose of their First Amendment claim that the district court was correct in throwing it out according to you. Correct, correct. Thank you. Right. And, of course, the extension of if there's, you know, the first question of whether there's a constitutional violation under the First Amendment takes us then into the qualified immunity analysis, of course. Mayor Foreman would be entitled to qualified immunity for the simple basis of the Saucier versus Katz decision, the Supreme Court. That's really the first question. Was there a constitutional violation? If there's not, we don't go into further inquiry. And, of course, that dovetails into the claims against the city of J-Town itself as well as the Civil Service Commission. If there's not a constitutional violation on the part of Mayor Foreman, those claims do not survive summary judgment either. So, Judge, we'd ask that the court affirm summary judgment. I can take any further questions you may have. I think the issue is pretty straightforward. Thank you, Mr. Gifford. I appreciate it. Thank you. Mr. Abel, you have rebuttal. Briefly, Your Honors, Judge Griffin asked for some case law regarding the law of the case doctrine. And I've cited some of them briefly. Let me recite them. The law of the case doctrine requires litigants to present, quote, all available claims and defenses at the earliest opportunity. That was in this Federal Appendix decision, Waste Management 169, Federal Appendix 976, quoting a Tenth Circuit case, Kerr-McGee Corporation versus McElravy. In Hunter versus United States, a 1998 case, 160 Fed 3rd, 1109, the court observed, quote, as with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion, as was done here with regard to this issue. In Armstrong versus City of Melvindale. Okay. You say it's untimely per se because it wasn't raised in the first motion for summary judgment. It was forfeited or waived because the defense. I'm afraid that says that the timeliness requirement requires that the argument be filed with the first motion. Well, the waiver and forfeiture doctrine, Your Honor, it's my submission, required this argument to be raised back in 2009. Okay. You cite to me a general proposition that, you know, if you don't file an argument timely, it is waived, and I don't think anybody's going to disagree with it, but the next step, that that means the first motion you file has to include all the arguments. Do you have a case that says that? Well, that is, as we're arguing about today, an available defense, and if all available claims and defenses must be raised at the earliest opportunity, and there's been no factual development following this court's remand, the earliest opportunity to raise that defense was back in 2009, and it was not done. Therefore, it was forfeited and waived, and the district court acted improperly in reopening this issue and ruling for a second time that the plaintiff's speech did not address a matter of public concern. So for that and the other reasons cited in my brief, I'm asking the court to reverse and remand for trial in this action. Thank you, Your Honor. Thank you, counsel. The case will be submitted. Please call the next case.